IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2205-FL

JAMES E. WILLIAMS, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA and
D.R. STEPHENS,

    Respondents.

ORDER

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that respondents failed to provide him with a placement at a Residential Reentry Center ("RRC") six months prior to the expiration of his sentence. As relief, petitioner requests immediate transfer to a RRC. Also before the court are respondents' motion to dismiss (DE # 10), petitioner's motion to amend (DE # 14), and petitioner's motion to transfer (DE # 15).

Petitioner was released from incarceration on June 2, 2011. Accordingly, it is clear that petitioner's original § 2241 claim is moot because he received the relief sought. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also Belasco v. Warden, Fed. Corr. Inst. Big Spring, 156 F. App'x. 671 (5th Cir. 2005) (per curiam); Elwood v. Sanders, 152 F. App'x 558 (8th Cir. 2005) (per curiam). But petitioner seeks to amend his petition to add a claim that requesting that his supervised release be reduced by five or six months because he was not transferred to a RRC six months prior to his release. There is authority that a court could provide a petitioner with some

"effectual relief" by shortening the length of his supervised release time if he is successful on this claim. See, e.g., Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006).

Accordingly, the court now turns to petitioner's motion to amend and motion to transfer. Petitioner's request to amend his petition requires leave of court. See F.R.Civ.P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Here, the court finds that justice requires petitioner be allowed to amend his petition to assert his claim seeking a reduction in the period of his supervised release.

Only the sentencing court can "modify, reduce, or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2); see United States v. Nanahal, 338 F.3d 668, 671 (7th Cir. 2003) ("A sentencing court retains jurisdiction to modify or revoke supervised release after consideration of enumerated factors.") Because petitioner was sentenced in the United States District Court for the Southern District of Alabama and has been released from incarceration, this court can not provide him with the relief he requests. Accordingly, this court will transfer this action to the United States District Court for the Southern District of Alabama to adjudicate petitioner's request to shorten his supervised release.

For the reasons set forth above, petitioner's motion to amend (DE # 14) and motion to transfer (DE # 15) are GRANTED. Respondents' motion to dismiss (DE # 10) is DENIED as moot.

The Clerk of Court is DIRECTED to transfer this action to the United States District Court for the Southern District of Alabama.

SO ORDERED, this the 11th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3